Judge Robertson
delivered the opinion of the Court.
The only point made in this case, which is entitled to any consideration, is, whether an execution and replevin bond, be quashable, because the execution issued before the expiration of twenty days, allowed for an appeal bond to be given, in an appeal granted, to the judgment on which the execution emanated? No decision has ever been given directly on this subject. Ahd Wé must therefore dispose of it according to what we ctínsideí the reasoti'of'the case.
Although it is unreasonable to issue an execution Oh a judgment, from which ah appeal has been prayed, until it shall have been ascertained, that it is not to be prosecuted, it Would hot be'erroneous to do so. Generally it is prudent not to do it; because, if the appeal shall take'effect by the execution of bond, the execution would thereby be suspended at the Cost of the creditors.
But praying an appeal, does not ipso facto, suspend the judgment or prevent any proceeding for its enforcement. Granting’an injunction or condition that bond .and security shall be given, does not enjoin the judgment, and execution may issue on it, until the injunction shall take effect by the execution of th'e bond. The analogy seems to be strong between thetWo classes of cases-.
If the appellant or'complainani in the injunction, desire to prevent an execution, he may do so, by promptly giving the bond required. Whenever lie shall do this, the opposite party is restrained. But if he supinely delay, he cannot complain that his adversary has by greater vigilance attended to his interest, and chosen to run the hazard of paying cost on process that may at any moment be arrested.
In this case, the appeal has never been taken. It was prayed; and allowed on Condition that bond should be given in twenty days. By giving the bond, the appeal would “eo inslanii-f án’d not before, be effectual. *194 It was optional with the party praying it,; to give it effect or not. He has chosen to abandon it, and to replevy the judgment for two years. He should not now be permitted to profit by his own delinquency,- and postpone and harrass bis creditor. If he were sustained in this attempt, artifice and unjust delays would be encouraged.
Triplett, for plaintiff; Wickliffe, for defendant.
If however the law were in his favor, we should be" compelled so to decide. But believing that it is not, we, with the more confidence, decide against him, because' such a decision accords with justice and sound policy.
The other errors assigned, contain no good objection to the decision of the court below, and are obviously not sustainable.
Wherefore, the judgment of the circuit court is affirmed.